(125 App. Div. 617.)

### LESTER v. CRABTREE et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

　　The fact that an employé was killed in the course of her employment does not of itself justify a finding that she was free from contributory negligence.

2. MASTER AND SERVANT—DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE.

　　In an action for death of a servant, plaintiff cannot recover, where there is no evidence, apart from conjecture or speculation, to show that the servant was free from contributory negligence.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 908, 987.]

Appeal from Special Term, Orange County.

Action by Ida E. Lester, as administratrix of the estate of Florence V. Lester, deceased, against Harry Crabtree and others. From an order granting plaintiff a new trial, defendants Harry, John A., and William E. Crabtree appeal. Reversed and dismissed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles C. Nadal (Harold S. Recknagel, on the brief), for appellants. R. H. Barnett, for respondent.

JENKS, J. I think that the original disposition of this case was correct, because the plaintiff had failed to adduce any proof that justified the conclusion that her intestate was free from contributory negligence. There was no eyewitness to the accident. While we may infer

-that the intestate's hand was caught in the moving cogwheels of the machine and her fingers thereby cut off, all else is but conjecture and speculation, aside from the testimony of the sister and fellow servant of the intestate that, two or three minutes after she had seen the intestate cleaning some part of the framework of the machine, she heard her sister scream, ran over to her, and found her hand maimed. It 'is tersely and correctly said by Spring, J., in Wilson v. New York Mills, 107 App. Div. 99, 94 N. Y. Supp. 1090:

"Submission to a jury implies controverted facts or circumstances from which contrary inferences may fairly be drawn. The isolated fact that an employé was killed in the course of his employment does not of itself permit a jury to find that the employé was free from fault contributing to his death. The plaintiff must show affirmatively his freedom from negligence, and, if he utterly fails in this essential part of his case, the duty of the court to nonsuit still remains in spite of the employer's liability act, for the reason that there is no fact to submit to the jury."

I think that the order for the new trial must be reversed, and the dismissal affirmed, with costs. All concur.